Filed 6/25/24  In re A.H. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re A.H., et al., Persons Coming Under the Juvenile Court Law. | H051738<br>(Monterey County<br>Super. Ct. Nos. 23JD000106,<br>23JD000107, 23JD000108) |
| MONTEREY COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>R.H.,<br><br>        Defendant and Appellant. | |

**MEMORANDUM OPINION**[1]

Appellant R.H. (Father) challenges the juvenile court's jurisdiction findings and disposition orders declaring his children—A.H. (born 2008), R.H. (born 2012), and Ad.H. (born 2016)—dependents of the court and removing them from his custody.  The children's mother is deceased.  Father contends respondent Monterey County Department of Social Services (the Department) failed to comply with the notice requirements of the Indian Child Welfare Act (25 U.S.C. § 1901 et seq.) (ICWA).  The Department concedes the issue, and Father raises no others.  Therefore, we reverse and remand the case for the

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1.  (See *People v. Garcia* (2002) 97 Cal.App.4th 847, 853-855.)

limited purpose of ensuring compliance with the inquiry and notice requirements of ICWA.

In November 2023, the Department initiated dependency proceedings following allegations of physical abuse by Father against the eldest child, A.H. It was alleged that all three children were at substantial risk of harm due to Father's general neglect, and physical and emotional abuse, exacerbated by his excessive alcohol use.

At the detention hearing, Father denied any Indian ancestry and signed a parental notification of Indian status form confirming the same. (See Judicial Council Forms, form ICWA-020.) Father, however, believed that the children's deceased mother may have been a member of or eligible for membership with the Cherokee tribe in Oklahoma. The Department interviewed the maternal grandfather and paternal grandmother, who both denied any Indian ancestry. Based on these interviews, the Department concluded that ICWA did not apply to the children. At the combined jurisdiction and disposition hearing, the juvenile court found that, although the children's mother was deceased, the Department had made a reasonable inquiry into her heritage and no person had suggested that the mother had any Indian heritage. After the contested hearing, the juvenile court entered its orders on January 16, 2024, which included its findings that ICWA did not apply, declaring the children dependents of the court, and removing them from Father's care.

We agree with the parties that there was an insufficient investigation regarding the children's potential Indian ancestry through their mother. Once Father informed the Department that the children's mother may have Indian ancestry, the Department had a duty to make a further inquiry. (*In re I.F.* (2022) 77 Cal.App.5th 152, 165-166; Welf. & Inst. Code, § 224.2, subd. (e).) Although the children's mother is deceased, the Department did not contact the Cherokee tribe Father identified, the Bureau of Indian Affairs (BIA), or the California Department of Social Services (CDSS). (Welf. & Inst. Code, § 224.2, subd. (e)(2)(B) & (C).) While the Department interviewed the maternal

grandfather, it failed to interview other maternal family members regarding the children's possible Indian ancestry. (*Id.*, subd. (e)(2)(A).) A remand is necessary to direct the Department to conduct further inquiry. This includes interviewing Father and/or any other maternal relatives about the mother's ancestry, contacting the BIA and CDSS for assistance, and contacting any relevant tribe(s) to determine the children's membership, citizenship status, or eligibility. (*Id.*, subd. (e).)

While the Department concedes that it failed to comply with ICWA, it requests that we conditionally affirm the orders subject to the remand. Father requests that we conditionally reverse. Presently, courts have applied varying standards to this type of error. Some courts hold that a deficient ICWA inquiry mandates reversal, some adopt a harmless error approach, and others strike a balance somewhere in the middle.[2] (See *In re K.H.* (2022) 84 Cal.App.5th 566, 606-618 [detailing five different standards applied in ICWA appeals to assess whether reversal is required].) In this case, even if we adopt a harmless error analysis, the record is insufficient for this court to conclude that an adequate inquiry would not alter the juvenile court's finding that ICWA did not apply. The Department has not argued otherwise and instead concedes that "the deceased mother could have established a tribal association beyond that of her bloodline." As such, we reverse and remand this matter for the limited purpose of assuring compliance with ICWA.

## DISPOSITION

The jurisdiction and disposition orders entered on January 16, 2024, are conditionally reversed. The matter is remanded for the limited purpose of ensuring compliance with the inquiry and notice requirements of ICWA. If upon sufficient compliance, the court again finds that ICWA does not apply, it may reinstate its prior order entered on January 16, 2024, without the need for further proceedings. If, however,

---

[2] The issue is presently pending before the California Supreme Court in *In re Dezi C.* (2022) 79 Cal.App.5th 769, review granted September 21, 2022, S275578.

the juvenile court determines that further action is required to satisfy ICWA requirements, it shall conduct proceedings accordingly.

_____

Greenwood, P. J.


WE CONCUR:


_____

Bamattre-Manoukian, J.


_____

Wilson, J.


In re A.H. et al.; Monterey County DSS v. R.H.

H051738